### KUPPERSTEIN v. BAYNE.

(Supreme Court, Appellate Term. May 27, 1909.)

BROKERS (§ 86*)—EMPLOYMENT—TERMS.

Evidence *held* not to show that a broker had more than an employment to bring the owner offers for his property which he would consider.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–118; Dec. Dig. § 86.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Henry I. Kupperstein against Samuel G. Bayne. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Parker & Aaron (Herman Aaron, of counsel), for appellant.
Max D. Steuer (I. Maurice Wormser, of counsel), for respondent.

LEHMAN, J. The plaintiff is a real estate broker, who claims a commission alleged to have been earned under an employment to procure a purchaser for premises in the city of New York owned by the defendant. The plaintiff testified that on the 28th day of October he saw the defendant and said:

"Well, Mr. Bayne, what will you take for your premises to-day?"

And the defendant answered:

"I will take $95,000 for my property; 10 per cent. at the closing of the deal, and the balance on purchase-money mortgage on or before three years."

The defendant testifies that:

"The plaintiff did not say he had a customer. He said that he would have to go out and get one, and I said to him: 'As long as you stand on that mat, you can have the property at that price; but the moment you leave the office, and go out of the door, and another man comes in, he has it.' "

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A few days thereafter it appears that plaintiff went to defendant's office to tell him he had a purchaser, and the defendant answered:

"Man, you are crazy. I have an offer of $110,000."

The only real dispute of fact is as to the terms of the plaintiff's employment. The plaintiff claims that he had a general employment continuing for a reasonable time or until revoked. The defendant claims that the plaintiff was at best authorized to bring the defendant offers which the defendant would consider. Direct corroboration of neither party can be obtained, because no other person was present at the interview; but plaintiff himself has testified that on other occasions he had tried several times to secure a purchaser for these premises, but as soon as he procured such a purchaser the defendant changed his terms. It would therefore appear that the plaintiff knew that the defendant, when he placed this property in the market for sale, did not consider that he was doing more than inviting offers.

The very words used by the plaintiff, "Well, Mr. Bayne, what is your price to-day?" are open only to two constructions: Either the plaintiff expected the offer to be limited to that day, or he conceded that the defendant changed his price whenever he thought fit to do so.

The judgment and order appealed from should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

DAYTON, J., concurs.

SEABURY, J. I dissent from the judgment about to be rendered, upon the ground that it is an unjustifiable interference with the province of the jury.

The judgment should be affirmed.